IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY ANTHONY HOLZOK, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:10-CV-1477-B (BK) | |
| § | | |
| SHERIFF JIM BOWLES, § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

**I. BACKGROUND**

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Defendant Jim Bowles, former Dallas County Sheriff. The court did not issue process in this case pending preliminary screening.

On July 30, 2010, the court issued a notice of deficiency and order to Plaintiff. (Doc. #3.) The order notified Plaintiff that his complaint did not comply with FED. R. CIV. P. 8(a), and that his *in forma pauperis* (IFP) motion was insufficient to determine his financial status, especially since it was unclear whether he was incarcerated, as noted in the caption of the complaint and IFP motion, or whether he resided in Rowlett, Texas, as noted on the return address on his envelope. (*See* Doc. #1 at 1 and 6, and Doc. #2 at 1). The deficiency order directed Plaintiff to cure the deficiencies within thirty days and cautioned him that failure to comply would result in a

recommendation that the complaint be dismissed for failure to prosecute.

As reflected on the docket sheet, the clerk twice mailed the deficiency order to Plaintiff's Rowlett address, on August 2 and September 1, 2010. (*See* Clerk's Notice of Delivery on the docket sheet). As of the date of this recommendation, Plaintiff has failed to respond to the deficiency order or seek an extension of time to do so. A search of Dallas County Jail records, available on the Internet, reflects that Plaintiff is not presently incarcerated there under the name and prisoner identification number listed on his pleadings.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] It is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985). The complaint fails to allege when the events at issue occurred. (Doc. #1.)

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) be **DENIED** as moot, and that this action be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED September 23, 2010.

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE